## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 1 2010

Clerk U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| SIERRA CLUB,<br>    85 Second Street, 2nd Floor<br>    San Francisco, CA 94105<br><br>          Plaintiff,<br><br>vs.<br><br>LISA P. JACKSON, in her official<br>capacity as Administrator, United States<br>Environmental Protection Agency,<br>    Ariel Rios Building<br>    1200 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20460<br><br>          Defendant. | ) ) ) ) ) ) ) )<br><br>COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF<br><br>**Case: 1:10-cv-00859**<br>**Assigned To : Kollar-Kotelly, Colleen**<br>**Assign. Date : 5/21/2010**<br>**Description: Admin. Agency Review**<br><br>) ) |

## COMPLAINT

Sierra Club, Plaintiff herein, by and through its undersigned attorneys complains as follows:

### INTRODUCTION

1.      This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*, and the declaratory judgment statute, 28 U.S.C. § 2201.

2.      Sierra Club seeks an order requiring the Defendant, the Administrator of the Environmental Protection Agency ("Agency"), to perform her non-discretionary duty to grant or deny a petition to object to the proposed Title V Operating Permit for Tennessee Valley Authority's Paradise Fossil Plant ("TVA Paradise") in Drakesboro,

1

Kentucky (Permit No. V-07-018) submitted by the Plaintiffs to the Administrator pursuant to CAA § 505(b)(2), 42 U.S.C. § 42 U.S.C. 7661d(b)(2).

## PARTIES

3.     Sierra Club is an incorporated, not-for-profit organization located at 85 Second Street, San Francisco, California and which keeps offices in various states, and the District of Columbia. Its purpose is to preserve, protect, and enhance the natural environment. The mission of the Sierra Club is to influence public, private, and corporate policies through programs at the local, state, national, and international levels. Sierra Club has over 800,000 members and supporters nationwide, including in the Kentucky Cumberland Chapter.

4.     Sierra Club's members live, work, and recreate in the areas impacted by the TVA Paradise facility in Drakesboro, Kentucky. Sierra Club's members breathe, use and enjoy the ambient air around the area of Drakesboro, Kentucky. Their health and use of the air is impaired by the pollution in the air caused by the TVA Paradise facility in Drakesboro. The TVA Paradise facility emits hazardous air pollutants, which negatively impact Sierra Club's members. Sierra Club's members are directly harmed by the Administrator's delay in responding to Plaintiffs' petition to object to the proposed Title V Operating Permit for TVA Paradise.

5.     Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely respond to Plaintiffs' petition. Sierra Club and its members have the right to petition for judicial review of the Administrator's final decision and to enforce the

final permit terms once issued.  The Administrator's failure to respond to Plaintiffs'
petition negatively affects Sierra Club's procedural rights under the CAA.

6.      Further still, the permit at issue should require additional pollution
monitoring, recordkeeping and reporting.  Sierra Club regularly reviews such reporting
and has specific plans to review that reporting as to the TVA Paradise facility once the
Administrator objects to the permits and requires the necessary additional monitoring,
reporting and recordkeeping.  The Administrator's failure to respond to Plaintiffs'
petition injures Sierra Club because TVA Paradise is not monitoring and reporting all of
the information, which Sierra Club plans to make use of.

7.      The Defendant, Lisa Jackson, is the Administrator of the United States
Environmental Protection Agency ("U.S. EPA").  The Administrator is responsible for
directing the activities of the U.S. EPA and implementing the requirements of the CAA.
Specifically, the Administrator is statutorily required to respond to petitions, such as the
one Plaintiffs' filed, under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the claims set forth in this
complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.  The
relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202,
and 42 U.S.C. § 7604.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because
Defendant resides in her official capacity within the District of Columbia, a substantial
part of the events or omissions giving rise to the claim occurred within this district.

**NOTICE**

10.     Plaintiff gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54.

11.     The Notice of Intent was sent, via certified mail, to all required recipients and postmarked on March 15, 2010.

12.     More than 60 days have passed since Plaintiffs provided its Notice of Intent to File Suit to the Administrator and others.

**FACTS**

13.     On or about October 26, 2009 the Kentucky Division of Air Quality ("KDAQ") issued a revised statement of basis responding to the Administrator's July 13, 2009 objection to a previously-issued permit for the Paradise Power Plant in Drakesboro, Kentucky.

14.     KDAQ's revised statement of basis commenced a 45-day period for the U.S. EPA to review the revised document pursuant to CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1) and 40 CFR § 70.8(c).

15.     The Administrator did not object to the proposed operating permit for TVA Paradise within the review period provided by CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

16.     The U.S. EPA posted on its website a notice that its review period for the revised statement of basis ended on December 11, 2009 and that the deadline for petitions pursuant to CAA § 505(b)(2), 42 U.S.C. 7661d(b)(2), was February 9, 2010.

17.     On or about January 9, 2010, Sierra Club petitioned the Administrator to have the U.S. EPA object to TVA Paradise's Title V permit, including the revised

4

statement of basis, within the 60-day petition period provided by CAA § 505(b)(2), 42

U.S.C. § 7661d(b)(2) and 40 CFR § 70.8(d) (the "Sierra Club Petition").

18.     Plaintiff provided a copy of the Sierra Club Petition to the applicant,

Tennessee Valley Authority, and the permitting authority, KDAQ, pursuant to CAA §

505(b)(2), 42 U.S.C. § 7661d(b)(2).

19.     Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), Administrator had

60 days to grant or deny the Sierra Club Petition.

**CAUSE OF ACTION:**
**FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY**

20.     Sierra Club incorporates and realleges all of the previous allegations

contained above in their entirety and further allege as follows:

21.     Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), "If the

Administrator does not object in writing to the issuance of a permit…any person may

petition the Administrator to [object]…The Administrator shall grant or deny such

petition within 60 days after the petition is filed." (emphasis added).

22.     The 60-day period for Administrator to either grant or deny Sierra Club's

petition expired on or about March 10, 2010.

23.     The Administrator's duty to grant or deny Sierra Club's petition within 60

days is not discretionary.

24.     As of the date of this complaint, Administrator has neither granted nor

denied the Sierra Club Petition.  Thus, Administrator's failure to perform her non-

discretionary duty to grant or deny the Sierra Club Petition is ongoing and will continue

until enjoined and restrained by the Court.

25.    The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to grant or deny the Sierra Club Petition in CAA § 304(a), 42 U.S.C. § 7604(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray for this Court to:

A. Declare that the Administrator has a non-discretionary duty to grant or deny the Sierra Club's Petition regarding the Title V operating permit for the TVA Paradise facility;

B. Declare that the Administrator's failure to grant or deny the Sierra Club Petition is a violation of CAA § 505(b), 42 U.S.C. § 7661d(b);

C. Order the Administrator to grant or deny the Sierra Club Petition by a date set by the Court;

D. Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d); and

E. Retain jurisdiction over this action to ensure compliance with the Court's Order;

F. Grant such other relief as is just and proper.

Dated: May 20, 2010

Attorneys for Plaintiff.
MCGILLIVRAY WESTERBERG & BENDER LLC

David C. Bender
D.C. Dist. Ct. Bar No. WI 0007
305 S. Paterson St.
Madison, WI 53703
Tel. 608.310.3560
Fax 608.310.3561
bender@mwbattorneys.com