UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-0859 |
| ) | |
| LISA JACKSON, Administrator of the United ) | |
| States Environmental Protection Agency, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT DECREE

WHEREAS, Plaintiff Sierra Club filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant Lisa Jackson, Administrator of the United States Environmental Protection Agency ("EPA"), failed to perform a duty mandated by CAA section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny, within 60 days, an administrative petition submitted by Plaintiff requesting that EPA object to a Title V Operating Permit issued by the Kentucky Division of Air Quality to the Tennessee Valley Authority's Paradise Fossil Plant ("the TVA Paradise Permit") in Drakesboro, Kentucky.

WHEREAS, Plaintiff and EPA (collectively the "Parties") wish to effectuate a settlement of the above-captioned case without expensive and protracted litigation.

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned case.

WHEREAS, the Court, by entering this Decree, finds that this Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiff's administrative petition on the TVA Paradise Permit and to order the relief contained in this Decree. Venue is proper in the United States District Court for the District of Columbia.

2. By February 9, 2011, EPA shall sign its response to Plaintiff's administrative petition dated January 9, 2010, regarding the TVA Paradise Permit.

3. Following signature of such response to Plaintiff's petition, EPA shall expeditiously deliver notice of such action on the TVA Paradise Permit to the Office of the Federal Register for publication.

4. Within 15 business days following signature of such response to Plaintiff's petition, EPA shall transmit EPA's determination, if an objection in whole or in part, to the Kentucky Division of Air Quality.

5. The United States agrees to pay Plaintiff as full settlement of all claims for attorneys' fees, costs, and expenses incurred, under any authority, the sum of $4,250.00 as soon as reasonably practicable following entry of this Decree, by electronic funds transfer to a bank account identified by Plaintiff. Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiff is entitled to or eligible for recovery of any costs or attorneys' fees.

6. The deadlines in paragraphs 2 and 4 of this Decree may be extended by (a) written stipulation of the Plaintiff and EPA with notice to the Court, or (b) by the Court on a motion of EPA, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the Plaintiff. Any other provision of this Consent Decree may be modified by the Court following motion of Plaintiff or EPA pursuant to the Federal Rules of Civil Procedure and upon consideration of any opposition by the non-moving party.

7. Plaintiff and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

8. Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree, including the discretion to alter, amend or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in paragraphs 2-4 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the TVA Paradise Permit.

10. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA sections 307(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d. Nothing in this Decree shall be

3

construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

11. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law. The possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the deadline established in paragraph 2. Should a delay occur due to such circumstances, any resulting failure to meet the deadline set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadlines occurring within one hundred twenty (120) days of the termination of the circumstances causing the delay shall be extended one day for each day of the circumstances causing the delay. EPA will provide Plaintiff with notice as soon as is reasonably possible under the circumstances in the event that EPA invokes this provision of the Consent Decree and will provide Plaintiff with an explanation of EPA's basis for invoking this provision. Plaintiff may challenge the invocation of this provision of the Consent Decree under the dispute resolution terms of this Consent Decree.

12. Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiff:

DAVID BENDER
McGillivray Westerberg & Bender, LLC
305 S. Paterson Street
Madison, WI 53703

Tel: (608) 310 3560
Fax: (608) 310-3561
bender@mwbattorneys.com

For Defendant:

STEPHANIE J. TALBERT
Environmental Defense Section
Environment & Natural Resources Division
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-2617
Fax: (202) 514-8865
Stephanie.talbert@usdoj.gov

GAUTAM SRINIVASAN
U.S. Environmental Protection Agency
Office of General Counsel (2344A)
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Tel: (202) 564-5647
Srinivasan.gautam@epa.gov

13.  In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

14.  No motion or other proceeding seeking to enforce this Decree or for contempt of Court shall be properly filed unless Plaintiff has followed the procedure set forth in paragraph 13, and provided EPA with written notice received at least 10 business days before the filing of such motion or proceeding.

15.  The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under paragraphs 2-4 have been completed, this case shall

be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

16. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA will promptly submit a public notice of this Consent Decree to the Federal Register for publication and public comment after lodging this Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and the Attorney General, as appropriate, will promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the CAA. If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Consent Decree, the Parties will promptly file a motion that requests the Court to enter this Consent Decree.

17. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

SO ORDERED on this ____ day of _____ 2010.

_____
JUDGE COLLEEN KOLLAR-KOTELLY

SO AGREED:
FOR PLAINTIFF

_____
DAVID BENDER
McGillivray, Westerberg & Bender LLC
305 S. Paterson Street
Madison, WI 53703
Tel: (608) 310-3560
Fax: (608) 310-3561
bender@mwbattorneys.com

DATED: 9/22/10

FOR DEFENDANT

IGNACIA S. MORENO
Assistant Attorney General
Env. & Natural Resources Division

*/s/ Stephanie J. Talbert*
STEPHANIE J. TALBERT
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-2617
Fax (202) 514-8865
Stephanie.talbert@usdoj.gov

DATED: 11/17/10

Of Counsel for Defendant:

GAUTAM SRINIVASAN
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Tel: (202) 564-5547